IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GILBERT JOSEPH CARRASCO,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | No.   2:25-CV-0067-Z<br>        (2:21-CR-0046-Z) |

### RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

Gilbert Joseph Carrasco seeks to set aside his conviction and sentence under 28 U.S.C. § 2255. (CV No. 10.)[1] Because his arguments fail under the governing *Strickland* standard, this Court should deny his motion.

### 1.  BACKGROUND

#### A.   Statement of Facts

##### i.   Offense Conduct

In 2020, the Amarillo Police Department and the Drug Enforcement Administration were investigating Catrina Palmer for distributing methamphetamine in Amarillo, Texas. (PSR ¶ 5.) Agents set up an undercover methamphetamine purchase from Palmer when they observed Palmer get into a Chevrolet pickup truck driven by Gilbert Joseph Carrasco, whom agents identified as a distributor of large quantities of methamphetamine. (PSR ¶ 6.) The pickup truck was later stopped by law enforcement,

---

[1] "CV No. __" refers to the docket number of this Section 2255 action. "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Carrasco*, 2:21-CR-0046-Z (N.D. Tex.). "PSR" refers to the presentence report, which is docketed at CR No. 65.

Response to Motion Under 28 U.S.C. § 2255 – Page 1

and Palmer and Carrasco were arrested on unrelated state warrants. (PSR ¶ 8.) A search of Carrasco's truck uncovered 27.6 grams of methamphetamine actual and 6.7 net grams of heroin in a cigarette box stashed in a hidden compartment on the driver's side dashboard. (PSR ¶ 11.)

After waiving his *Miranda* rights, Carrasco admitted to transporting and selling large amounts of methamphetamine from Mexico into Texas as part of a drug-trafficking conspiracy. (PSR ¶ 13.) Carrasco also voluntarily turned over his cellphone, which contained messages indicating that Carrasco was engaged in selling narcotics. (PSR ¶ 15.) Finally, Carrasco consented to a search of his residence where officers located a Savage, model Mark II, .22 caliber long rifle, 30.06 caliber rounds of ammunition, and several magazines. (PSR ¶ 16.) At the time, Carrasco was a convicted felon. (CR No. 79 at 211-12.) Agents also discovered scales and zeroing weights used for drug distribution in a hidden compartment of a wooden coffee table. (PSR ¶ 16.)

### ii. Conviction, Sentencing, and Appeal

After a jury trial, Carrasco was convicted of all three counts charged in the indictment: conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, (Count One); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), (Count Two); and convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (Count Three). (CR Nos. 3, 57.) The Court sentenced him to a total aggregate sentence of 600 months in prison and entered judgment on December 21, 2022. (CR No. 70.)

**Response to Motion Under 28 U.S.C. § 2255 – Page 2**

Carrasco appealed, and the Fifth Circuit affirmed the judgment. *United States v. Carrasco*, No. 22-11229, 2024 WL 244934, at *1 (5th Cir. Jan. 23, 2024). The judgment became final on April 22, 2024, when the deadline for seeking Supreme Court review expired. *See Kemp v. United States*, 596 U.S. 528, 531 (2022) (noting one-year period to file Section 2255 motion when a defendant does not seek Supreme Court review begins to run "when the time to seek certiorari expires—ordinarily, 90 days after judgment"). Carrasco thus had until April 22, 2025, to timely file a motion under 28 U.S.C § 2255, which he did pro se on March 26, 2025. (CV No. 2); *see* 28 U.S.C. § 2255(f)(1). His counsel then filed a timely amendment to his motion on April 22, 2025, which is now the operative pleading. (CV Nos. 8, 10.)

  B.  **Statement of the Issues**

Carrasco claims that his counsel was ineffective for: (1) misinforming him that his coconspirator was dead, when she was alive and testified against him at trial and (2) failing to investigate or present mitigating evidence at sentencing regarding his trauma and social history. (CV No. 10.)

**2.**  **STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence. It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

Response to Motion Under 28 U.S.C. § 2255 – Page 3

Claims that counsel was ineffective allege a constitutional violation that can be raised under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail on an ineffective-assistance-of-counsel claim, the movant must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Carrasco must first prove his lawyer's performance was deficient. To do this, a movant must identify specific acts or omissions that were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. This "scrutiny . . . must be highly deferential" and "requires that every effort be made to eliminate the distorting effects of hindsight." *Id.* at 689. The Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case" and "evaluate [that] conduct from counsel's perspective at the time." *Id.* at 689-90. To that end, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citations omitted).

Second, Carrasco must prove that his lawyer's deficient performance prejudiced his case. *Id.* This requires showing that "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). There is no prejudice if the deficient performance

did not "deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* Put another way, a petitioner must prove that, but for counsel's errors, "there is a reasonable probability that" the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693–94, *United States v. Bartholomew*, 974 F.2d 39, 41-42 (5th Cir. 1992).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Simply making "conclusory allegations" is insufficient to make either showing. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Moreover, the claim fails if the petitioner does not satisfy either the deficient performance prong or the prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). And a court need not address both components if there is an insufficient showing on one. *Id.*

A Section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981). "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Id.*

3. **ARGUMENT AND AUTHORITIES**

   A. **Carrasco's claim that his counsel misled him to believe that his coconspirator was dead, even though she testified against him at trial, is baseless as his coconspirator did not testify at his trial.**

Carrasco first claims that his counsel was ineffective for misadvising Carrasco before trial that his coconspirator Catrina Palmer had died, when in fact she had not died and testified against Carrasco at trial. (CV No. 10 at 3-5.) This claim is entirely baseless

as Palmer did not testify at Carrasco's trial.² (CR Nos. 79-80.) It should therefore be denied as meritless.

> **B.** **Carrasco's claim that his counsel was ineffective for failing to investigate or present mitigating evidence at sentencing fails for lack of deficient performance and prejudice.**

Next, while acknowledging that his counsel "mentioned [his] trauma at the sentencing hearing," Carrasco argues that his counsel was ineffective for failing to investigate his "trauma and social history" and present mitigating evidence on such topics in the form of witness testimony or a sentencing memorandum. (CV No. 10 at 5.) He claims that had his counsel "done any mitigation work, he could have found evidence of a link between Mr. Carrasco's trauma history and his subsequent drug use." (CV No. 10 at 5.) This claim fails for lack of deficient performance and prejudice.

First, this claim fails for lack of deficient performance as Carrasco's counsel presented mitigating evidence about Carrasco's "trauma and social history" at sentencing. For example, counsel noted that "at a very young age, [Carrasco] was sexually abused by family," including being molested by his uncle's girlfriend until he was fifteen. (CR No. 81 at 13-14.) Counsel also stated that Carrasco "never told anyone" about his abuse and "carried this burden and never received proper treatment." (CR No. 81 at 14.) Finally, counsel stated that Carrasco was "in a bad place emotionally [and] psychologically," which he averred "certainly does not excuse [his] behavior, but it explains [his] behavior." (CR No. 81 at 14.)

---

² Indeed, Palmer was not even on the government's witness list. (*See* CR No. 34.)

**Response to Motion Under 28 U.S.C. § 2255 – Page 6**

That counsel made this argument orally, rather than in a written sentencing memorandum, is of no import. The Court heard the arguments and could consider them in crafting a sentence. Moreover, Carrasco does not cite—nor is the government aware of—any authority that requires counsel to submit a memorandum in anticipation of sentencing. Indeed, at least two courts have recognized that no such requirement exists. *See Plata-Ybarra v. United States*, No. 4:23-CR-004-O, 2025 WL 1170317, at *4 (N.D. Tex. Apr. 22, 2025) ("Counsel had no obligation to file a sentencing memorandum."); *United States v. Brito*, No. C-07-398, 2009 WL 4058997 at *5 (S.D. Tex. Nov. 20, 2009) ("There is no requirement . . . that a defendant file a written sentencing memorandum prior to sentencing.).

Similarly, counsel was under no obligation to call witnesses to discuss Carrasco's "trauma and social history," and Carrasco cites no authority to the contrary. In fact, counsel had a reasonable basis not to do so here where the PSR already detailed Carrasco's history of sexual abuse and drug use. (PSR ¶¶ 79-82.) Reasonable strategic choices, such as how to present a mitigation argument at sentencing, are an essential part of advocacy and do not indicate deficient representation or ineffective assistance. *See Strickland*, 466 U.S. at 680-681. In sum, Carrasco's counsel was not deficient.

<u>Second</u>, while failure to show deficient performance ends the matter, Carrasco has also failed to show prejudice. Prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024) (quoting

Response to Motion Under 28 U.S.C. § 2255 – Page 7

*Strickland*, 466 U.S. at 694). Moreover, there is no presumption of prejudice based on a failure to investigate. *Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990).

Here, there is nothing in the record to suggest that had counsel performed an investigation or had the Court received a sentencing memorandum or heard witness testimony, it would have rendered a lower sentence. Notably, the Court already knew, via the PSR, about Carrasco's "trauma and social history" including his sexual abuse as a child and drug abuse beginning in his twenties. (PSR ¶¶ 79-82.) Indeed, the Court noted that it had given "significant consideration and mitigating weight" to Carrasco's mitigating factors including that he "suffered [from abuse] at a young age." (CR No. 81 at 23.) But the Court stated that its 600-month sentence was nevertheless justified based on Carrasco's criminal history—which includes 21 prior convictions—the nature and circumstances of the offense, the need to promote respect for the law, the need to afford adequate deterrence of criminal conduct, and the need to protect the public from further crimes of the defendant. (CR No. 81 at 21-23.) These statements demonstrate that, even if a sentencing memorandum was submitted or witness testimony presented, the Court would not have imposed a lesser sentence. Carrasco's claim thus also fails for lack of prejudice.

**4.     CONCLUSION**

For these reasons, the Court should deny Carrasco's Section 2255 motion.

        Respectfully submitted,

        Chad E. Meacham
        Acting United States Attorney

        */s/ Daniel Z. Gordon*
        Daniel Z. Gordon
        Assistant United States Attorney
        D.C. Bar No. 1736506
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone: (214) 659-8794
        daniel.gordon@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on May 7, 2025, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas through the electronic filing system which will serve counsel for Carrasco, Charles Blevins.