IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GILBERT JOSEPH CARRASCO, | |
| Petitioner, | |
| v. | Civil Case 2:25-CV-067-Z<br>(Criminal Case 2:21-CR-046-Z-BR-1) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Gilbert Joseph Carrasco ("Carrasco") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. ECF Nos. 2, 10. Having considered Carrasco's amended motion and the response thereto, the record, and applicable authorities, the Court hereby **DENIES** the amended motion for the reasons stated below.

### BACKGROUND

The record in Carrasco's underlying criminal case, No. 2:21-CR-046-Z-BR-1 (the "CR"), shows the following:

On June 24, 2021, Carrasco was named in a three-count indictment charging him in Count One with conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. Section 846; in Count Two with possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C); and in Count Three with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. Sections 922(g)(1) and 924(a)(2). CR ECF No. 3. On August 31, 2022, after a two-day jury trial, Carrasco was found guilty on all counts. CR ECF No. 57.

The probation officer then prepared a presentence report ("PSR"), showing that

Carrasco's criminal history was Category VI and his total offense level was 38. CR ECF No. 61-1 ¶¶ 37, 63. Carrasco's sentencing guideline range was 360 to 600 months. *Id.* ¶¶ 90-91. On December 21, 2022, the Court sentenced Carrasco to a term of imprisonment of 600 months (240 months on Count I, 240 on Count 2, and 120 months on Count 3, all to run consecutively). CR ECF No. 70. Carrasco filed a direct appeal. The Fifth Circuit Court of Appeals affirmed the judgment on January 23, 2024. CR ECF No. 88.

On March 13, 2025, Carrasco timely filed his motion to vacate. CR ECF No. 92 at 9; ECF No. 2 at 9. Carrasco subsequently obtained counsel, who filed an amended motion on April 25, 2025. ECF No. 10. The government responded, alleging that Carrasco's request for relief is meritless and should be denied. ECF No. 11.[1]

### STANDARD OF REVIEW

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for

---

[1] On November 24, 2025, Carrasco filed a *pro se* motion for leave to file a reply brief, which the Court denied because Carrasco is represented by counsel. ECF Nos. 16, 19. Nevertheless, on January 6, 2026, Carrasco filed his *pro se* reply brief, which the Court disregards and orders stricken herein because Carrasco did not obtain leave of court to file an untimely brief, nor did he obtain leave to file the brief *pro se* while represented by counsel.

2

transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Carrasco's claims, as set forth below.

ANALYSIS

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also*

*United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Carrasco alleges that counsel was ineffective on two grounds: (1) advising him to go to trial rather than accepting a plea offer, and (2) failing to provide the Court with a written memorandum or witnesses at sentencing as to Carrasco's past trauma being a possible mitigating factor.

### I. Advice Regarding Plea Offer

Carrasco first alleges that counsel was deficient by encouraging him to go to trial instead of accepting a plea offer. Specifically, he states that counsel advised him that his co-defendant Catrina Palmer ("Palmer") had died, so his chances of success at trial were high because (1) the government would have no corroborating testimony; and (2) Carrasco would not need to testify to rebut any testimony since there would be no co-defendant testimony to rebut. ECF No. 10 at 3. This advice led Carrasco to reject two plea offers, one for 120 months and one for 240 months. ECF No. 2 at 6. At the pretrial conference on August 25, 2022, the

4

government put both plea offers—and Carrasco's declination of both—on the record. CR ECF No. 77 at 61-64. The first offer, made on July 12, 2022, was of a ten-year sentence cap in exchange for a guilty plea as to Count Three. *Id.* at 62. Carrasco declined the first offer. *Id.* at 62-63. The government then offered to ask the Court for a 20-year sentence cap in exchange for a guilty plea on either of Count One or Count Two. *Id.* at 64. Carrasco declined the second offer as well. *Id.*

Carrasco alleges in his motion that counsel misled him about the government's case against him. He claims that, despite counsel's representations to the contrary, Palmer actually was not dead and, in fact, testified against him at trial. ECF No. 10 at 3. Carrasco states that his attorney had not prepared him to testify in order to rebut Palmer's testimony and, as a result, Carrasco was convicted and sentenced to 600 months. *Id.* Had Carrasco known that Palmer was not dead and would be testifying, he contends, he would have taken one of the plea deals offered. *Id.*

However, Carrasco provides no evidence of Palmer actually testifying at his trial, nor does the court record show any testimony by Palmer. Palmer is not on the government's witness list, nor is any testimony by Palmer included in the trial transcript. *See* CR ECF Nos. 34, 79, 80. Because Palmer did not testify at trial, Carrasco's counsel was not deficient in telling him that she would not testify, and Carrasco was not prejudiced by counsel's statement. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Accordingly, Carrasco is not entitled to relief on this claim.

### II. Mitigation Evidence

Carrasco next alleges that counsel was ineffective for failing to advise the court of his relevant trauma and social history at sentencing. ECF No. 10 at 5. Carrasco acknowledges,

5

however, that counsel "mentioned" his trauma history at the sentencing hearing, but complains that counsel provided no witnesses, records or expert testimony to support his position that Carrasco was entitled to a lower sentence due to such history. *Id.*

At Carrasco's sentencing hearing, counsel pointed out his trauma history as outlined in detail in the PSR, arguing that that "at a very young age, [Carrasco] was sexually abused by family," including being molested by his uncle's girlfriend until he was fifteen. *See* CR ECF No. 81 at 13-14. Counsel also stated that Carrasco never told anyone about his abuse and "carried this burden and never received proper treatment." *Id.* at 14. Finally, counsel told the court that Carrasco was "in a bad place emotionally [and] psychologically," which he noted "certainly does not excuse [his] behavior, but it explains [his] behavior." *Id.* Lastly, he asked the Court "to consider the impacts the abuse and the addiction had on this man and the fact that he was basically left to fend for himself after he got to adulthood." *Id.*

The fact that counsel made the argument orally rather than in writing does not render counsel inefficient. Carrasco fails to cite authority in support of his argument that a written sentencing memorandum is required. Indeed, at least two courts have recognized that no such requirement exists. *See Plata-Ybarra v. United States*, No. 4:23-CR-004-O, 2025 WL 1170317, at *4 (N.D. Tex. Apr. 22, 2025) (O'Connor, C.J.) ("Counsel had no obligation to file a sentencing memorandum."); *United States v. Brito*, No. C-07-398, 2009 WL 4058997 at *5 (S.D. Tex. Nov. 20, 2009) ("There is no requirement . . . that a defendant file a written sentencing memorandum prior to sentencing."). Similarly, counsel was under no obligation to call witnesses to discuss Carrasco's trauma history. The PSR sufficiently details Carrasco's history of sexual abuse and drug use. CR ECF No. 61-1 ¶¶ 79-82. Reasonable strategic choices, such as how to present an argument at sentencing, are an essential part of advocacy and do not indicate deficient representation or ineffective assistance. *See Strickland*, 466 U.S.

6

at 680-681. Carrasco has not shown that his counsel was deficient at sentencing.

Nor was Carrasco prejudiced by counsel's decision to not call witnesses or provide a written sentencing memorandum. As previously noted, the PSR recounted Carrasco's "trauma and social history" including his sexual abuse as a child and drug abuse beginning in his twenties. CR ECF No. 61-1 ¶¶ 79-82. In fact, the Court noted on the record that it "did give . . . significant consideration and mitigating weight" to Carrasco's mitigating factors including that the fact that he "suffered [from abuse] at a young age" as reflected in the PSR. CR ECF No. 81 at 23. Nevertheless, the Court stated that the 600-month sentence was justified based on Carrasco's extensive criminal history, the nature and circumstances of the offense, the need to promote respect for the law, the need to afford adequate deterrence of criminal conduct, and the need to protect the public from further crimes. *Id.* at 21-23. Carrasco was not prejudiced by counsel's conduct at sentencing. In addition, Carrasco was not prejudiced because the Court at sentencing made it clear that even if the guidelines were incorrect, it would have still imposed the same sentence under the Section 3553(a) factors. CR ECF No. 81 at 24. Carrasco's ineffective assistance of counsel claim is meritless.

## CONCLUSION

For the reasons stated above, Carrasco's reply brief (ECF No. 20) is **STRICKEN** and his motion to vacate (ECF Nos. 2, 10) is **DENIED** with prejudice.

**SO ORDERED.**

January 27, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE