# In The
# United States District Court
## For The Northern District of Texas

| | |
|---|---|
| GILBERT CARRASCO,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | FILED - USDC - NDTX - AM<br>JAN 30 2026 PM3:56<br><br>Case No. 2:25-CV-00067 |

**MOVANT'S <u>AMENDED</u> REPLY TO GOVERNMENT'S RESPONSE**

Gilbert Carrasco respectfully submits this *amended* reply to the Government's response opposing his motion for relief under 28 U.S.C. § 2255, because the response rests on legal and factual errors and fails to defeat his claims under Strickland, warranting relief or, at minimum, an evidentiary hearing. **This amended reply is being filed to *replace* the pending *pro se* reply filed at CV No. 20.**[1]

---

[1] The Rules Governing Section 2255 Proceedings were amended in 2019 to clarify that a reply is no longer discretionary. The Notes of Advisory Committee on the 2019 Amendments explain that "[t]he moving party has a right to file a reply." Notes of Advisory Committee on 2019 Amendments to Rule 5(d), Rules Governing Section 2255 Proceedings for the United States District Courts.

# ARGUMENT

## I. The Government Mischaracterizes Mr. Carrasco's Ineffective-Assistance Claim in Ground One as a Trial-Event Claim

The Government's response rests on a complete mischaracterization of Mr. Carrasco's claim in Ground One. It attacks a detail while ignoring the constitutional injury in the claim. Mr. Carrasco's claim is that trial counsel gave false pretrial advice that drove Mr. Carrasco's decision to proceed to trial rather than pursue a plea.

That advice mattered because it directly affected Mr. Carrasco's assessment of the strength of the Government's case and his likelihood of success at trial. The injury occurred at the moment Mr. Carrasco chose to go to trial. The injury did not depend on what later happened in the courtroom.

### A. The Government Misses the Entire Claim

The Government's response proves only that the witness did not testify. That fact is immaterial. Whether the witness ultimately testified, *vel non*, does not answer whether trial counsel's bad advice impacted Mr. Carrasco's plea decision. The Government never addresses that question. It cannot, because the record is silent.

The Government's response assumes that because the feared event did not occur, there can be no constitutional violation. That assumption is wrong. Ineffective assistance at the plea stage does not require that the predicted risk materialize. It requires that counsel's advice materially distorted the defendant's

2

decision-making. The Government never grapples with that principle because doing so would require it to confront the off-record advice Mr. Carrasco alleges.

The Government's response also ignores the plea-decision framework Mr. Carrasco invoked in the § 2255 motion. Mr. Carrasco alleged that counsel's misadvice caused him to reject a plea-based resolution and proceed to trial under a false understanding of his chances. The Government does not argue that Mr. Carrasco would have gone to trial regardless of the advice. It does not argue that accurate advice would not have mattered. It does not argue that plea options were unavailable. Instead, it reframes the claim into a trial-error theory.

The Constitution does not require Mr. Carrasco to prove that the witness testified. It requires the Court to determine whether counsel gave advice that caused Mr. Carrasco to make a decision he otherwise would not have made. *See Lafler v. Cooper,* 566 U.S. 156, 163-64 (2012) ("a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer" (1) would have been accepted and (2) the sentence would have been less severe than after a loss at trial).

Because the Government attacks an immaterial factual detail while ignoring the operative allegation, its request for denial without a hearing fails. The Government has not conclusively refuted Mr. Carrasco's claim. It has avoided it.

### B. The Government's Reliance on the Trial Record Does Not Conclusively Refute Mr. Carrasco's Claim

The Government repeatedly asserts that the record "conclusively refutes" the claim. It does not. This is a claim about what counsel said outside the courtroom,

something that is not on record. Nevertheless, the Government cites trial transcripts, witness lists, and sentencing proceedings. None of those materials reflect what counsel told Mr. Carrasco in private before trial. None of them contradict Mr. Carrasco's allegation that counsel told him the witness was dead. The Government does not deny that the advice was given. It simply argues that the advice does not matter because the witness did not testify. That argument misses the point entirely.

The Government argues that no evidentiary hearing is required because the "record conclusively refutes" Mr. Carrasco's claim. That assertion is wrong. The Government relies on materials that cannot, as a matter of logic or law, resolve the factual issue presented.

Mr. Carrasco's claim turns on a single, narrow factual allegation: that trial counsel told him, before trial, that a key co-conspirator was dead and unavailable as a witness. That allegation concerns a private attorney–client communication. It occurred off the record. It is not memorialized in any transcript. It is not reflected in any witness list. It is not addressed in any sentencing proceeding. The Government does not identify a single document in the record that speaks to what counsel told Carrasco during plea discussions.

Instead, the Government cites trial transcripts and witness lists to prove that the co-conspirator did not testify. CV No. 11. That proves nothing about the advice Carrasco received before trial. Trial transcripts reflect what happened in court. They do not reflect what counsel said in private. Witness lists show who the

Government intended to call. They do not show what defense counsel told Carrasco about the status of potential witnesses. Sentencing proceedings show how the Government argued aggravating facts. They do not resolve pretrial advice.

The Government's argument points to a record that says nothing about the advice at issue and treats that silence as refutation. Silence is not refutation. A claim is not "conclusively refuted" simply because the record does not address it. If that were the standard, no plea-stage ineffective-assistance claim based on attorney advice could ever proceed.

The Government does not submit an affidavit from trial counsel denying that the advice was given. It does not contend that Carrasco fabricated the allegation. It does not argue that the allegation is implausible on its face. It does not even deny that counsel may have said what Carrasco alleges. It simply asserts that the advice does not matter because the witness did not testify. That is not a record-based refutation.

### C. An Evidentiary Hearing is Needed

This case presents a classic credibility dispute. Carrasco alleges that counsel gave materially false advice. The Government offers no evidence to the contrary. Resolving that dispute requires testimony. It requires credibility findings. Those determinations cannot be made on paper. They cannot be made by pointing to transcripts that do not address the issue.

The Government's approach would invert the § 2255 hearing standard. It would allow the Government to defeat any claim based on off-record advice by citing

5

a record that never captured the advice in the first place. That is not the law. The absence of record evidence about what counsel said is precisely why an evidentiary hearing is required, not why it can be denied.

The Government has not produced evidence that contradicts Carrasco's allegation, and because the record does not address the advice at issue, the Government has failed to meet its burden to show that the claim is conclusively refuted. Its request for denial without a hearing should be rejected.

The Government's response never engages the prejudice Carrasco actually alleged. Carrasco did not claim that counsel's advice caused him to lose at trial. He claimed that counsel's advice caused him to choose trial in the first place. That distinction controls the analysis. The Government ignores it.

By avoiding the plea-decision framework entirely, the Government concedes that the claim cannot be resolved on the present record. The question of whether counsel's advice altered Carrasco's decision-making turns on facts that have never been developed. Those facts require testimony. They require credibility determinations. They require a hearing.

## II. The Government Erroneously Recasts Ground Two's Failure-to-Investigate Claim as a Mitigation-Presentation Issue

The government's response confirms the problem with counsel's performance rather than rebutting it. Carrasco's claim is not that counsel failed to say something mitigating at sentencing. The claim is that counsel failed to investigate mitigation at all.

6

The government acknowledges the framing of Carrasco's claim: "Carrasco argues that his counsel was ineffective for failing to investigate mitigating evidence." CV No. 11 at 6. But then it takes a different track entirely: "[T]his claim fails for lack of deficient performance as Carrasco's counsel presented mitigating evidence." Id.

Instead of addressing whether counsel conducted any mitigation investigation, the government pivoted to an argument about presentation, asserting that counsel's performance was adequate because he merely presented mitigating evidence. That response misses the claim.

### A. Presentation Does Not Equal Investigation

Under *Strickland* and its progeny, mitigation advocacy presupposes mitigation investigation. A court cannot evaluate counsel's performance by asking whether mitigation was mentioned; the relevant question is whether counsel conducted a reasonable investigation to uncover and develop mitigating evidence before deciding how to present it.

Here, the record shows that counsel did not investigate mitigation at all. At sentencing, counsel relied entirely on the Presentence Report to supply the factual basis for mitigation. Counsel's remarks track the PSR verbatim and introduce no independent records, witnesses, expert opinions, or investigative findings. CR No. 81 at 13–14.

Reliance on the PSR is not mitigation investigation. The PSR is prepared by probation, not defense counsel. It is not the product of adversarial development, and

it does not reflect counsel's independent effort to uncover mitigating evidence. When counsel simply accepts the PSR's summary and repeats it at sentencing, that demonstrates the absence of investigation, not just its adequacy.

### B. The government never disputes the lack of investigation

Critically, the government does not claim that counsel:

- Interviewed family members
- Obtained medical, psychological, or social-history records
- Consulted a mental health professional or mitigation specialist
- Developed evidence linking trauma to addiction or offense conduct

The government offers no description of investigative steps because there were none. Instead, it argues that investigation was unnecessary because some mitigating facts were already known through the PSR.

That reasoning is incompatible with controlling law. Counsel's duty is not satisfied by passively accepting what probation happens to include. The Sixth Amendment requires a *reasonable, independent investigation* into mitigation. A failure to investigate cannot be excused by the fortuity that some adverse background facts appear in a PSR.

### C. The Government's Response Is Foreclosed by Controlling Authority Requiring a Reasonable Mitigation Investigation

The government's response is legally defective because it treats mitigation as a matter of *presentation* rather than *investigation*, a distinction the Fifth Circuit has repeatedly emphasized is constitutionally dispositive.

In *Lewis v. Dretke*, 355 F.3d 364 (5th Cir. 2003), the Fifth Circuit squarely rejected the argument that minimal or superficial mitigation references can

8

substitute for a reasonable investigation. The court held that the proper inquiry is "not whether counsel should have presented a mitigation case," but "whether the investigation supporting counsel's decision ... was itself reasonable." *Id.* at 366–67.

That principle directly refutes the government's approach here. The government points to counsel's brief sentencing remarks and the PSR, but *Lewis* makes clear that such references do not establish constitutionally adequate performance unless they are grounded in a reasonable, independent investigation by defense counsel. A decision about how, or even whether, to present mitigation cannot be deemed strategic unless it is preceded by an investigation sufficient to inform that decision. *See Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*").

*Freeman v. Stephens,* 614 F. App'x 180 (5th Cir. 2015) reinforces the same rule from the opposite direction. There, the Fifth Circuit upheld counsel's performance precisely because the record demonstrated an extensive mitigation investigation, including the use of a mitigation investigator, expert evaluations, family interviews, and records review. *Id.* at 185–86.

The contrast is dispositive. In *Freeman*, counsel's presentation choices were upheld because they followed substantial investigative work. Here, by contrast, the record shows no mitigation investigation at all. Counsel relied entirely on the PSR

9

and repeated its contents at sentencing, without conducting independent interviews, gathering records, or consulting professionals.

Under binding precedent,[2] the government cannot short-circuit the Sixth Amendment inquiry by pointing to what counsel said at sentencing while ignoring what counsel failed to do beforehand. There is no evidence of a reasonable mitigation investigation, and the government does not claim otherwise.

## CONCLUSION

The Government's response does not rebut Carrasco's claims under the proper Sixth Amendment framework and instead relies on mischaracterization and hindsight to avoid meaningful review. Because the record does not conclusively refute Carrasco's allegations, the Court should grant the motion or, at a minimum, conduct an evidentiary hearing to resolve the disputed issues.

Respectfully submitted,

1-19-2126
Date

Gilbert Carrasco
Reg. No. 60530-177
USP Victorville
PO Box 3900
Adelanto, CA 92301

---

[2] Although *Lewis* and *Freeman* arose in the capital sentencing context, the constitutional principle they articulate, that counsel must conduct a reasonable investigation into mitigating evidence before making presentation decisions, does not depend on the formal classification of the sentence. Mr. Carrasco was 44 years old at sentencing and received a 50-year term of imprisonment, a sentence that, as a practical matter, ensures he will die in federal custody. Where sentencing discretion effectively determines whether a defendant will die in prison, the same Sixth Amendment obligations governing mitigation investigation should necessarily apply.

## CERTIFICATE OF SERVICE

I verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that this filing was handed to prison officials, with prepaid first-class postage affixed, for mailing to the following parties on the date below:

United States District Court
205 SE 5th Avenue, Room 133
Amarillo, TX 79101-1559

United States Attorney's Office
500 S Taylor Suite 300
Amarillo, TX 79101

Respectfully submitted,

1-19-2026
Date

*Gilbert Carrasco*
Gilbert Carrasco
Reg. No. 60530-177
USP Victorville
PO Box 3900
Adelanto, CA 92301

From:
Gilbert Carrasco
60530-177
United States Penitentiary
PO Box 3900
Adelanto, CA 92301

To:
Clerk
United States District Court
205 SE 5th Avenue, Rm 133
Amarillo, TX 79101-1559

RECEIVED
JAN 3 0 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

USPS PRIORITY MAIL FLAT RATE ENVELOPE
KANSAS CITY, MO 64127
JAN 23, 2026
$11.95
0 Lb 5.20 Oz
79101
RDC 03
S2324D502839-20
EXPECTED DELIVERY DAY: 01/26/26
USPS TRACKING #
9505 5154 1736 6023 6256 74